RAYMOND KENNY, *Director Public Assistance, etc. v.* COUNTY COURT OF PRESTON COUNTY *et al.*

(No. 9369)

Submitted June 23, 1942. Decided June 30, 1942.

W. S. *Wysong*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for relator.

H. G. *Crogan* and *F. E. Parrack*, for respondent.

Lovins, Judge:

The Director of Public Assistance applied to this Court for a peremptory writ of mandamus, requiring the County Court of Preston County, its president and members to transfer the additional sum of $5,046.00 to the General Relief Fund of Preston County, from the General County Fund of Preston County for the fiscal year, 1941-1942. A rule to show cause was awarded and the respondents make defense by answer, amended and supplemental answer, and demurrer to petition of relator. The relator replied in writing to the answers and demurred thereto.

The relator alleged in his petition that on April 7, 1941, the County Court of Preston County applied to the State Department of Public Assistance for state aid for general relief purposes in that county for the fiscal year 1941-1942, stating in the application that the estimated cost of general relief in that county for that fiscal year was $69,000.00; that by virtue of the application, the county court agreed that Preston County General Relief Fund would

be not less than fifteen per cent of the amount of the levy for current purposes for such fiscal year, and that a levy for such an amount would be made; that because of the application and agreement, the State Department of Public Assistance has, from time to time, granted state aid from the State General Relief Fund to supplement the General Relief Fund of Preston County, for the fiscal year 1941-42. It was also alleged that the county court, in August, 1941, prepared a levy estimate and after the same was approved by the State Tax Commissioner, a levy was laid to produce an adequate amount for current purposes necessary for the fiscal year, by reason of the levy estimate; that included in the levy estimate was an item of $10,092.00, designated as the General Relief Fund, and which amount represents fifteen per cent of the total which the county court was authorized to levy for current purposes; that in 1941, the county court transferred $5,046.00 from the General County Fund to the General Relief Fund; that, on April 20, 1942, at a special session of the county court, relator requested the county court to transfer additional amounts, not exceeding $5,046.00, to the County Relief Fund, but that the county court refused to make such allocation, "Because of payments of a mandatory nature, and the unknown expenses incurred by the 'Permanent Registration' of the voters of the county * * *." The petition concludes with the allegations that by reason of the statutes and the application and agreement of April 7, 1941, it is the legal duty of the county court to make the requested allocation, and that the refusal thereof will cause the general relief program of Preston County to be "hampered, hindered, delayed and neglected."

By its pleadings herein filed, respondents raise the question of the constitutionality of the Public Welfare Law, as last amended by Ch. 74, Acts 1941. The same point was made in a similar proceeding, *Kenny* v. *County Court of Webster County*, 124 W. Va. 519, 21 S. E. 2d 385, decided June 23, 1942, and we consider the discussion on constitutional questions in that opinion to be sufficient and decisive herein. Further reference to the same is unnecessary.

Respondents assert that no funds will be available for the payment of the balance to the Preston County General Relief fund because of certain mandatory current expenses, and the expense of permanent registration; and that, if required to place such balance in the General Relief Fund, the county court should be allowed to off-set the value of produce from the county farm, used by the county counsel.

The questions thus raised, except the right of off-set, are also determined by the opinion in the Webster County case, we believe. After discussing the constitutional questions, the court said in that case that if the county court "has such funds available, then the relator herein has a clear legal right to have the same transferred to the county general relief fund. The only question is: Does the county court have funds available for that purpose?" The court then looked to an audit of the fiscal affairs of Webster County which revealed all expenses, paid and unpaid, for the fiscal year, and noting the potential balance, concluded, "it would appear from this statement that the County Court of Webster County may well transfer the sum of $3100.00, as sought by the relator without sacrificing any mandatory functions of the county government, and without creating an overdraft in the county fund." In so holding, we limited the expenses to be considered to those of the fiscal year.

In this case, it was stipulated that the county court has funds available to pay all expenses which have accrued or will accrue during the fiscal year 1941-1942, including the sum of $5,046.00 for general relief purposes, and that a balance of approximately $3,000.00 will remain. This result is reached without taking into consideration the salaries of county officers and expenses, accruing after July 1, 1942, and the expenses of the primary election to be held August 4, 1942. It therefore appears from this stipulation that the mandatory expenses of the county court of Preston County, as well as the demand of the relator, can be met and that a balance will remain at the beginning of the fiscal year 1942-1943. We approve and

apply points 1 and 2 of the syllabus in *Kenny, Director, etc.* v. *County Court of Webster County et al., supra.*

The respondents assert the right to offset against the demand of the relator the sum of $1,061.25, being the amount alleged to be due for supplies furnished the county council. The primary financial responsibility for support of general relief rests on the county. Ch. 1, art. 6, sec. 1, Acts 1936, Extra. Session. If constitutional restrictions deprive the county of the power to levy and collect taxes sufficient in amount to discharge this duty, the responsibility of the state is "recognized". Section 1, article 10, chapter 1, Acts, 1936, Extra. Session. A consideration of the statutes just cited leads to the conclusion that in addition to financial support of general relief by levy and collection of taxes in the amount of the statutory percentage, county courts should allocate and use non-financial resources produced on land used for relief of the indigent in the performance of that duty.

The respondents rely on a written agreement dated May 12, 1937, entered into by the county court and the county council whereby the management and operation of the county infirmary was transferred from the court to the council under the provisions of section 3-b, art. 7, chap. 73, Acts 1937. Among other provisions contained therein, was one to the effect that the council would pay the court two-thirds of the wholesale market value of the produce furnished. The relator asserts that there was an oral modification of the agreement by which it was provided that the agricultural products would be furnished without charge.

We do not regard either the original agreement or alleged modification as having any bearing on the rights of the parties, neither the county court nor county council having the power to waive the duties imposed on the court by section 4, article 10, chapter 1, Acts 1936, Extra. Session, and section 5 of the same article and chapter, as last amended by chapter 74, Acts 1941.

The last sentence of section 3-b above mentioned militates against the right of off-set asserted by respondents.

The transfer contemplated by that section does not relieve the county court of the obligation to levy for the support of the infirmary in accordance with section 5, article 10, chapter 74, Acts 1941. Moreover, we know of no authority for the payment of tax levies in kind.

The contention of respondents as to purchase of checks to pay relief clients, costs of publication and keeping of records is without merit.

For the reasons herein set forth, we hold that the respondent county court is not entitled to off-set against the demands of the relator the value of supplies furnished by it to the county council.

The relator having shown a clear legal right to relief, we award the writ as prayed for in his petition.

*Writ awarded.*